FILED
MAR - 2 2004
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RHONDA BRYANT MOSER, | ) | Civil Action No.: 2-04-0406-18 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM IN** |
| v. | ) | **SUPPORT OF MOTION TO DISMISS** |
| | ) | **PLAINTIFF'S COMPLAINT OR IN THE** |
| CENTEX HOMES , a subsidiary of | ) | **ALTERNATIVE TO STAY THE ACTION** |
| Centex Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.    Introduction

On February 10, 2004, the Plaintiff, Rhonda Bryant Moser ("Moser"), filed suit against Defendant, Centex Homes ("Centex"). Moser alleges that her employment with Centex was terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). On that same date, Moser filed suit in the Court of Common Pleas for Charleston County. In that action, Moser asserts causes of action for breach of contract, breach of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* (Supp. 2003), and breach of the duty of good faith and fair dealing. Both suits arise out of the circumstances surrounding the termination of her employment with Centex. Centex has filed a motion to dismiss Moser's Complaint, or in the alternative, to stay the action. For the reasons that follow, Centex requests that its motion be granted.

II.    The Plaintiff Seeks Improperly To Split Her Claims

Moser improperly seeks the same relief in two forums through two suits filed on the same day. Both suits arise out of the same common nucleus of operative facts. In both actions, she claims that she was wrongfully discharged, and the factual allegations are identical in each

complaint. (A copy of the Plaintiff's Complaint in the Court of Common Pleas is attached as Exhibit A.) The complaint filed in state court does not include the cause of action for age discrimination addressed in the complaint before this Court. Identical relief is afforded, however, under the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-80 (Supp. 2003).

Under these circumstances, Moser should not be allowed to pursue actions in two forums simultaneously. To permit this would be wasteful of judicial resources. It would also be costly and prejudicial to the rights of the Defendant. Finally, resolution in one forum would have a preclusive effect on the action proceeding in the other under principles of *res judicata* and collateral estoppel.

Given these dangers, it is well established that claim splitting is not permitted under South Carolina law. As the South Carolina Supreme Court put it in *Floyd v. American Employers' Ins. Co.*, 187 S.C. 344, 352, 197 S.E. 385, 388 (1938):

> It is a rule generally recognized that an entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and the same form of action brought for each, or two suits maintained, without defendant's consent. A party may not split up his demand or prosecute it piecemeal or present only a portion of the grounds upon which relief is sought, and leave the rest for a second suit. If such were permitted there would be no end to litigation.

*See also Nunnery v. Brantley Construction Co., Inc.*, 289 S.C. 205, 209, 345 S.E.2d 740, 743 (S.C.App. 1986) ("[W]e are mindful of the rule that prohibits the owner of a single cause of action from either dividing or splitting the cause of action so as to make it the subject of several causes of action unless the party against whom the cause of action exists consents thereto." (citations omitted)).

The Court of Appeals for the Fourth Circuit has followed this rule and observed that a defendant's failure to raise the issue of simultaneous proceedings may preclude him from relying on principles of *res judicata* when one of the suits is concluded before the other. *See Beazer*

2

*East, Inc. v. United States Navy*, 1997 U.S. App. LEXIS 6746. The District Court has gone so far as to observe, "It is also universally recognized that a defendant asked to defend two lawsuits alleging the same cause of action waives the right to object to the litigation of both actions if he or she does not protest at the earliest possible time." *North Carolina Electric Membership Corporation, et al. v. Murray B. White, Jr., et al.*, 722 F. Supp. 1314, 1321 (D.S.C. 1997).

Accordingly, this Court should dismiss Moser's complaint, or in the alternative, stay the action to permit the parallel litigation in the Court of Common Pleas to be concluded. This will result in no prejudice to the Plaintiff. She can proceed on her age discrimination claim under the South Carolina Human Affairs Law and achieve the same relief to which she would be entitled under the ADEA. At the same time, judicial resources would be conserved, the costs of litigation would be reduced for both parties, and issues of *res judicata* and collateral estoppel would be avoided.

### III.     Conclusion

For the reasons stated, Centex respectfully requests of this Court an order dismissing Moser's complaint, or in the alternative, staying this action pending resolution of the claim pending in the Court of Common Pleas for Charleston County.

> Respectfully submitted,
>
> By: /s/ Thomas S. White
> Thomas S. White, Esquire (Fed. ID #6510)
> HAYNSWORTH SINKLER BOYD, P.A.
> 134 Meeting Street, Third Floor
> Post Office Box 340
> Charleston, SC  29402
> (843) 722-3366 (telephone)
> (843) 722-2266 (facsimile)

March _*r*_, 2004                                      **ATTORNEYS FOR THE DEFENDANT**
Charleston, South Carolina                       **CENTEX HOMES**

3

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RHONDA BRYANT MOSER, | ) | Civil Action No.: 2-04-0406-18 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| CENTEX HOMES, a subsidiary of Centex Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned, Elisa V. Chaney, PLS, an employee with Haynsworth Sinkler Boyd, P.A., hereby certifies that I have this 2nd day of March, 2004, served a complete and correct copy of the above **MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE TO STAY THE ACTION AND MEMORANDUM IN SUPPORT THEREOF** upon counsel for the Plaintiff, via United States mail, first-class postage prepaid, addressed as follows:

Nancy A. Chiles, Esquire
Terry Ann Rickson, Esquire
102 Wappoo Creek Drive, Suite 8
Charleston, SC 29412

*Elisa V. Chaney*
Elisa V. Chaney, PLS

4

**EXHIBIT A**

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | CASE NO.: 04-CP-10-594 |

| | ) | |
|---|---|---|
| Rhonda Bryant Moser, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SUMMONS** |
| | ) | |
| Courtney Jaskiewicz and Centex Homes, a | ) | |
| Subsidiary of CENTEX CORPORATION | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

FILED 2004 FEB 10 PM 3:03

TO THE DEFENDANTS ABOVE NAMED: **COURTNEY JASKIEWICZ, CENTEX HOMES, a subsidiary of CENTEX CORPORATION**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on Plaintiff's attorney, Nancy A. Chiles, Esquire, 102 Wappoo Creek Drive, Suite 8, Charleston, SC 29412 within thirty (30) days after the service hereof, exclusive of the day of such service.

YOU ARE HEREBY GIVEN NOTICE FURTHER that if you fail to appear and defend and fail to answer said Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the said Complaint.

Dated at Charleston, South Carolina on the 10th day of February, 2004.

NANCY A. CHILES, State Bar # 1221
TERRY A. RICKSON, State Bar #4727
102 Wappoo Creek Drive, Suite 8
Charleston, SC 29412
(843) 722-1500
(843) 722-7080 (Fax)

Attorneys for the Plaintiff

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) CASE No.: 04-CP-10-594 |
| | ) |
| Rhonda Bryant Moser, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) (Jury Trial Requested) |
| Courtney Jaskiewicz and | ) |
| Centex Homes, a subsidiary of CENTEX | ) |
| CORPORATION | ) By Plaintiff Rhonda Bryant Moser |
| | ) Breach of Contract; |
| | ) Violation of Wage Withholding Statute; |
| Defendant | ) Breach of Covenant of Good Faith and |
| | ) Fair Dealing |
| | ) |



FILED 2004 FEB 10 PM 3:03

## INTRODUCTION

This is a wrongful termination action in violation of a written contract, a violation of employer's disciplinary guidelines and termination procedure; and violation of the wage withholding statute.

## PARTIES AND JURISDICTION

1. Plaintiff Rhonda Bryant Moser is a citizen of the United States and a resident of Charleston County, South Carolina.

2. Upon information and belief, Centex Homes is a subsidiary of Centex Corporation, incorporated in Nevada and maintains a local office in North Charleston, South Carolina and does business in Charleston, Berkeley and Dorchester counties and is subject to the jurisdiction of this Court.

3. Courtney Jaskiewicz is a citizen of the United States and a resident of Charleston County, South Carolina.

1

4. This Court has jurisdiction of the parties and subject matter hereof.

5. Venue is proper in this Court because plaintiff lives in Charleston County and at the time of commencement of this action, the local office of Centex Homes, where plaintiff was employed and defendant, Jaskiewicz, was employed is located in the Ninth Judicial Circuit.

## STATEMENT OF FACTS

6. On April 1, 1992, plaintiff Rhonda Bryant Moser, was hired by Centex Homes as a sales agent for properties in Charleston, South Carolina.

7. Moser worked on a draw and was eventually paid by commission. After a few years Moser won awards as *agent of the year* and, for several consecutive years, the *PRISM award* for attaining multi-million dollar sales status.

8. At all times during her employment, Moser received exceptional job performance evaluations. Moser was never reprimanded, counseled, written-up, or suspended.

9. During the eleven year term of employment Moser was required to take the defendant's *Sales Management Development Training Program* where she was trained to follow a corporate progressive disciplinary policy.

10. The above procedure was progressive and mandatory and required counseling first, warnings and suspension without pay, prior to an employee's termination.

11. When first employed by the defendant, the Area Sales Manager, Courtney Jaskiewicz told Moser she would always have a job with Centex as long as she continued to produce and perform well.

12. On or about April 2002, the plaintiff and defendant entered into an employment contract. Said contract was drafted by the defendant and contained ambiguous language.

2

13.   On March 25, 2003, Courtney Jaskiewicz told plaintiff that she was terminating her because she had been there a long time. The termination of the plaintiff was without cause, without any warning, or counseling or suspension.

14.   Plaintiff sold over $7 million dollars in real estate for the defendant during the year before she was terminated in March 2003.

15.   Defendant, Centex Homes, had no legitimate reason for terminating plaintiff as required by the contract with the plaintiff.

16.   Centex Homes terminated Moser without cause or warnings and in violation of its *Disciplinary and Termination Procedure.*

17.   As a result of her termination, Moser suffered the loss of the payment of commissions, benefits and lost future commissions and benefits.

### FOR A FIRST CAUSE OF ACTION
*Breach of Contract as to Defendant Centex*

18.   The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

19.   Plaintiff's employment with Centex Homes was governed by a contract and mandatory policies and procedures codified in its Management Training Program requiring cause for termination of permanent employees after warnings, counseling and suspension without pay.

20.   Plaintiff complied with her obligations under the contract and mandatory policies and procedures; nevertheless, defendant failed to comply with its obligations and breached its contract with plaintiff by terminating her without legitimate good cause and without warning.

3

21. As a direct result of the breach of contract, plaintiff lost her employment, commissions and benefits and therefore, plaintiff is entitled to contract damages from the date of her termination until the date of her anticipated retirement.

### FOR A SECOND CAUSE OF ACTION
*Violation of Payment of Wages Statute as to Defendant Centex and Defendant Jaskiewicz*
**SC Code of Laws §41-10-10**

22. The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

23. At all times pertinent hereto the Defendant Centex was the employer of the Plaintiff as defined in SC Code Annotated §41-10-10(1), and

24. Defendant Courtney Jaskiewicz, at all time pertinent hereto was an agent of the Defendant and a manager, more specifically, the area sales manager of the Defendant.

25. Monies including all commissions owed to the plaintiff by defendant constitute wages as fully set forth herein and as defined in SC Code Annotated §41-10-10(2).

26. That Moser earned the commissions by working hard for her clients.

27. That Jaskiewicz, knowing that the plaintiff earned the commissions from the sales she made in year 2003, unjustly and unfairly withheld the full payment of the commissions from the plaintiff.

28. Despite the plaintiff's repeated demands for payment of all wages due, Jaskiewicz has repeatedly failed and refused to pay the wages pursuant to the terms of the employment agreement between them and withheld payment of the same to Plaintiff.

29. Despite the termination of plaintiff's employment with the defendants as of March 25, 2003, the plaintiff has not been paid all wages within the time period required by SC Code Annotated §41-10-50, totaling approximately $33,366.51 according to Plaintiff's calculation.

30. Plaintiff seeks an accounting to determine actual damages.

31. Due to defendants unjustifiable refusal to pay the plaintiff her earned wages the plaintiff has been denied wages and is entitled to three (3) times the unpaid amount of the total amount of unpaid wages pursuant to SC Code Annotated §41-10-80(c).

32. Due to the actions of defendants in wrongfully refusing to pay the plaintiff her earned wages, the plaintiff has been forced to retain an attorney to represent her and is entitled to the judgment of this Court pursuant to SC Code Annotated §41-10-80(c) requiring the defendant to pay the plaintiff's reasonable attorneys fees and costs incurred in the prosecution of this action.

33. Plaintiff seeks damages in accordance with the statute to include earned wages, treble damages, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
### Good Faith and Fair Dealing
### As to Defendant Centex

34. The foregoing allegations contained in this Complaint are incorporated by reference herein as fully as if restated verbatim.

35. The Defendant Centex owed the plaintiff a duty of good faith and fair dealing which arose from the parties' employment and/or contractual relationship.

36. The Defendant Centex breached the duties it owed plaintiff by terminating plaintiff in a manner contrary to the terms of its mandatory procedures.

37. The plaintiff has been damaged as a direct result of Defendant Centex's breaches, namely in the form of lost back pay and future wages, income and benefits, emotional distress, pain and suffering and loss of enjoyment of life.

38.  The Defendant Centex's actions as outlined above were undertaken intentionally, willfully, wantonly, and with reckless disregard for plaintiff's rights, and therefore plaintiff is entitled to punitive damages from the defendant.

**WHEREFORE**, plaintiff prays for relief against Defendant Centex for actual damages including lost income, future wages and benefits resulting from the breach of contract as fully alleged in the first cause of action.

Plaintiff prays for relief against Defendants Centex and Jaskiewicz resulting from the unlawful withholding of wages as fully alleged in the second cause of action including damages totaling three times the full amount of the unpaid wages due to the Plaintiff pursuant to SC Code Annotated §41-10-80(c); for reasonable attorneys fees and costs incurred by the Plaintiff in this action pursuant to SC Code Annotated §41-10-80(c); and any such other and further relief as this Honorable Court may deem just and proper.

Plaintiff prays for relief against Defendant Centex as a result of its failure to act in good faith as alleged in the third cause of action including damages in the form of lost back pay and future wages, income and benefits, emotional distress, pain and suffering and loss of enjoyment of life and punitive damages in an amount to be determined by a jury.

Respectfully submitted,

NANCY A. CHILES, # 1221
TERRY ANN RICKSON, #4727
Attorneys for the Plaintiff

102 Wappoo Creek Drive, Suite 8,
Charleston, South Carolina 29412
(843) 722-1500
(843) 722-7080

February 10, 2004
Charleston, South Carolina

Plaintiff desires the breach of contract cause of action, good faith and fair dealing, and wage claim to be heard by a jury.

_____
Nancy A. Chiles

7